PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARIO. MÁRQUEZ MUÑOZ, Defendant and Appellant.

No. 7669. Argued June 1, 1939.—Decided June 13, 1939.

*Antonio L. López,* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The defendant was convicted of an offense against the Sunday Closing Law as included in Section 553 of the Penal

Code with its amendments. The facts were that the defendant was in a grocery store (*pulpería*) where he had some billiard tables; that on Thanksgiving Day, November 25, 1937, the defendant or one of the employees of the shop sold a piece of toilet paper to a customer and this prosecution followed.

The complaint reads as follows:

" . . . That at 3.30 p. m. on November 25, 1937, and in Georgetty street, Caguas, P. R., in the municipal judicial district of Caguas, P. R., which forms part of the judicial district of Humacao, P. R., the said defendant Mario Márquez, then and there, unlawfully, wilfully and maliciously, infringed the provisions of Section 553 of the Code, Act No. 110, because he kept open to the public a grocery store which he owned and sold goods to the public, his clerk Bonifacio Caballero having sold to Narciso Solá a roll of toilet paper, knowing that day was a legal holiday (Thanksgiving Day) during which all commercial and industrial establishments must remain closed to the public and no goods of any kind may be sold to the public, thus infringing the provisions of Section 553 of the Penal Code, Act No. 110. This fact is contrary to law. . . . "

The evidence does not convince us that defendant was the owner of the shop, but the policeman and the Fiscal insist that he was sufficiently the owner to have violated Section 553, *supra*. The policeman said and continued to say that defendant represented his brother. The license was clearly in the name of the brother.

The complaint, however, definitely set up that defendant was the owner of the shop. There was no attempt therein to prosecute him for having kept the shop open in representation of his brother, as happened in the case of *People* v. *Hiraldo*, 54 P.R.R. 608. The essential words of the complaint in that case were: "...being the representative or agent of the commercial establishment which belonged to Juan G. Alberty." The whole evidence tends to show that defendant was not the owner, but merely had some billiard tables there;

that as his brother was away the defendant represented him at that moment.

The judgment should be reversed and the defendant discharged.